Cozen O'Connor
Attorneys for Plaintiff
John B. Galligan, Esquire (JG-1589)
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400

JUDGE BUCHWALD   DOC #____   09 CV 7826

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

KAREN RUSSELL
30 Woodlawn Avenue
Poughkeepsie, New York 12601          : CASE NO.:

        Plaintiffs                           :

    vs.                                  : JURY TRIAL DEMANDED

ELECTROLUX NORTH AMERICA, INC.         :
20445 Emerald Parkway SW
Suite 250                             : COMPLAINT
Cleveland, OH 44135                    :

        Defendant                            :

------------------------------------------------------------X

      Plaintiff, Karen Russell, by and through her counsel, upon information and belief, hereby asserts, as follows:

### PARTIES

    1.    Plaintiff herein, Karen Russell is an adult individual residing in the State of New York and, at all times material hereto, was the owner of the real property located at 30 Woodlawn Avenue, Poughkeepsie, New York ("the Property").

    2.    Defendant herein, Electrolux North America, Inc., (hereinafter "Electrolux") is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business located at 20445 Emerald Parkway, Cleveland, Ohio, and at all times material hereto was engaged in the business of, inter alia, designing,

manufacturing, distributing, selling and /or supplying household appliances, including electric clothes dryers.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a).

## FACTS

4. Prior to December 12, 2008, plaintiff purchased an Electrolux Kenmore brand electric clothes dryer that was designed, manufactured, distributed and/or sold by defendant, Electrolux.

5. On or about December 12, 2008, a fire erupted in the dryer while it was operating, causing substantial damage and destruction to the Property.

6. The total damages sustained by the plaintiff as a result of the fire are in excess of $390,000.00.

## COUNT I

7. Plaintiff incorporates by reference the allegations of paragraphs 1 through 6 hereof as though fully set forth at length herein.

8. The fire and the resulting damage to the plaintiff's property was caused by the negligence, carelessness, negligent acts and/or omissions of defendant, Electrolux, their agents, servants and/or employees acting within the course and scope of their employment or agency, in:

    a)     failing to properly and adequately manufacture and/or distribute the dryer;

    b)     failing to properly and adequately design the dryer;

    c)     failing to provide a proper, adequate and safe dryer, with all necessary safety features;

    d)     failing to provide proper and adequate warnings and/or instructions for the dryer;

    e)     failing to provide proper and adequate safeguards to prevent the dryer from igniting a fire;

    f)     causing or allowing a defectively designed and/or manufactured dryer to be placed in the stream of commerce;

    g)     causing or allowing the fire to occur; and

    h)     otherwise failing to use due care under the circumstances.

9. As a direct and proximate result of the foregoing, plaintiff sustained damages as aforesaid for which defendant is liable to plaintiff.

WHEREFORE, plaintiff demands judgment against defendant in an amount in excess of $390,000.00 together with interest and the cost of this action.

## COUNT II

10. Plaintiff incorporates by reference the allegations in paragraphs 1 through 9 hereof as though fully set forth at length herein.

11. The defendant designed, manufactured, and/or distributed the dryer, which was intended by the defendant to be used by members of the general public, including persons such as plaintiff.

12. The dryer was unreasonably dangerous and unsafe for its intended use by reason of defects which existed when the defendant placed it into the stream of commerce.

13. The fire and the resulting damage to the property was caused by the defectively designed and/or manufactured dryer.

14. Defendant is strictly liable for the fire and resulting damages pursuant to Restatement (Second) of Torts §402(a), et seq.

15. As a direct and proximate result of the defective condition of the dryer, the fire occurred and resulted in significant damages to plaintiff in an amount in excess of $390,000.00

WHEREFORE, plaintiff, Karen Russell, demands judgment in her favor and against defendant, Electrolux North America, Inc., in an amount in excess of $390,000.00, together with interest and costs of this action.

Dated: New York, New York
September 8, 2009

COZEN O'CONNOR

BY: _____
John B. Galligan, Esquire (JBG 1589)
45 Broadway Atrium, 16th Floor
New York, New York 10006
(212) 509-9400

OF COUNSEL:
STEVEN K. GERBER, ESQUIRE
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000

NEWYORK_DOWNTOWN\2145892\1 230584.000

4